UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHON RUFFIN, | ) | 1:10-cv-02342 MJS HC |
| | ) | |
| Petitioner, | ) | ORDER SUMMARILY DISMISSING |
| | ) | PETITION FOR WRIT OF HABEAS |
| v. | ) | CORPUS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| KEN CLARK, Warden, | ) | TO ENTER JUDGMENT AND CLOSE |
| | ) | CASE |
| Respondent. | ) | |
| | ) | ORDER DECLINING ISSUANCE OF |
| _____ | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

I.     **DISCUSSION**

   A.     **Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260

1 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably
2 incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
3 Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend
4 unless it appears that no tenable claim for relief can be pleaded were such leave granted.
5 Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Factual Summary

On December 16, 2010, Petitioner filed the instant petition for writ of habeas corpus. (Pet., ECF No. 1.) Petitioner challenges the decision of the Board of Parole Hearings ("Board") finding him unsuitable for parole on May 28, 2009. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.

### C. Federal Review of State Parole Decisions

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442

1  U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).[1] Swarthout, 131 S.Ct. at 862. In
2  Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because
3  there was an absence of "some evidence" to support the decision to deny parole. The Court
4  stated:

> There is no right under the Federal Constitution to be conditionally released
> before the expiration of a valid sentence, and the States are under no duty to
> offer parole to their prisoners. (Citation omitted.) When, however, a State
> creates a liberty interest, the Due Process Clause requires fair procedures for
> its vindication-and federal courts will review the application of those
> constitutionally required procedures. In the context of parole, we have held that
> the procedures required are minimal. In Greenholtz, we found that a prisoner
> subject to a parole statute similar to California's received adequate process
> when he was allowed an opportunity to be heard and was provided a statement
> of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence
> against them, were afforded access to their records in advance, and were
> notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts'
> inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63.

Here, Petitioner argues that the Board improperly relied on evidence relating to Petitioner's crime. In so arguing, Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout. In this regard, Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement.

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254. The Court concludes that Petitioner's claim concerning the evidence supporting the unsuitability finding should be dismissed.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis, 440 F.2d at 14.

Although Petitioner asserts that his right to due process of law was violated by the Board's decision, Petitioner does not set forth any specific facts concerning his attendance at the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the parole decision. Petitioner has not alleged facts pointing to a real possibility of a violation of the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1.

The Court concludes that it would be futile to grant Petitioner leave to amend and recommends that the petition be dismissed.

### D.     Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (a)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section

2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338

In the present case, the Court finds that no reasonable jurist would find the Court's determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable, nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   October 2, 2011            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE